# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust | CIVIL ACTION NO: 2:19-CV-00249-JAW |
| Plaintiff | AMENDED COMPLAINT |
| vs. | |
| Amy L. Manetti and Katie Manetti | RE:<br>7 June Street, Sanford, ME 04073 |
| Defendants | Mortgage:<br>March 23, 2012<br>Book 16291, Page 87 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Amy L. Manetti and Katie Manetti, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, in which the Defendant, Amy L. Manetti, is the obligor and the total amount owed under the terms of the Note is One Hundred Seventeen Thousand Seven Hundred Eleven and 99/100 ($117,711.99) Dollars,

plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Amy L. Manetti, is a resident of Sanford, County of York and State of Maine.

6. The Defendant, Katie Manetti, is a resident of Sanford, County of York and State of Maine.

## FACTS

7. On March 23, 2012, by virtue of a Quitclaim Deed from Paul Manetti, which is recorded in the York County Registry of Deeds in **Book 16291, Page 86**, the property situated at 7 June Street, County of York, and State of Maine, was conveyed to the Defendants, Amy L. Manetti and Katie Manetti, being more particularly described by the attached legal description. *See* Exhibit A[1] (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On March 23, 2012, the Defendant, Amy L. Manetti executed and delivered to Regency Mortgage Corp. a certain Note in the amount of $85,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

---

[1] All Exhibits referenced herein have been previously filed on June 3, 2019 under ECF Document No.1

9. To secure said Note, on March 23, 2012, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Regency Mortgage Corp., securing the property located at 7 June Street, Sanford, ME 04073 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 16291**, **Page 87**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated July 7, 2014 and recorded in the York County Registry of Deeds in **Book 16852**, **Page 476**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated March 11, 2015 and recorded in the York County Registry of Deeds in **Book 16983**, **Page 181**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Federal National Mortgage Association ("Fannie Mae") by virtue of a Quitclaim Assignment dated July 21, 2015 and recorded in the York County Registry of Deeds in **Book 17077**, **Page 406**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust by virtue of an Assignment of Mortgage dated February 19, 2019 and recorded in the York County Registry of Deeds in **Book 17896**, **Page 676**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On May 25, 2016, the Defendants, Amy L. Manetti and Katie Manetti, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to

$102,200.40 (herein after referred to as the "Loan Modification"). *See* Exhibit H (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

15. On April 2, 2019, the Defendants, Amy L. Manetti and Katie Manetti, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendants, Amy L. Manetti and Katie Manetti, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

17. The Defendants, Amy L. Manetti and Katie Manetti, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

21. The total debt owed under the Note and Mortgage as of May 30, 2019 is One Hundred Seventeen Thousand Seven Hundred Eleven and 99/100 ($117,711.99) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $94,743.15 |
| Interest | $7,880.54 |
| Escrow/Impound Required | $14,288.25 |
| Late Fees | $576.57 |
| Total Advances | $360.00 |
| Deferred Amounts | $-136.52 |
| Grand Total | $117,711.99 |

22. Upon information and belief, the Defendants, Amy L. Manetti and Katie Manetti, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure respecting a real estate related Mortgage and title located at 7 June Street, Sanford, County of York, and State of Maine. *See* Exhibit A.

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, has the right to foreclosure upon the subject property.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendant, Amy L. Manetti is presently in default on said Mortgage and Note, (Katie Manetti, having not signed the Note is only in default of the Mortgage.) having failed to

make the monthly payment due June 1, 2017, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of May 30, 2019 is One Hundred Seventeen Thousand Seven Hundred Eleven and 99/100 ($117,711.99) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $94,743.15 |
| Interest | $7,880.54 |
| Escrow/Impound Required | $14,288.25 |
| Late Fees | $576.57 |
| Total Advances | $360.00 |
| Deferred Amounts | $-136.52 |
| Grand Total | $117,711.99 |

29. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

31. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Amy L. Manetti and Katie Manetti, on April 2, 2019, evidenced by the Certificate of Mailing. *See* Exhibit I.

32. The Defendants, Amy L. Manetti and Katie Manetti, are not in the Military as evidenced by the attached Exhibit J.

## COUNT II – BREACH OF NOTE

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On March 23, 2012, the Defendant, Amy L. Manetti, executed and delivered to Regency Mortgage Corp. a certain Note in the amount of $85,000.00. *See* Exhibit B.

35. The Defendant, Amy L. Manetti, is in default for failure to properly tender the June 1, 2017 payment and all subsequent payments. *See* Exhibit I.

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Amy L. Manetti.

37. The Defendant, Amy L. Manetti, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

38. The Defendant Amy L. Manetti's breach is knowing, willful, and continuing.

39. The Defendant Amy L. Manetti's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

40. The total debt owed under the Note and Mortgage as of May 30, 2019, if no payments are made, is One Hundred Seventeen Thousand Seven Hundred Eleven and 99/100 ($117,711.99) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $94,743.15 |
| Interest | $7,880.54 |
| Escrow/Impound Required | $14,288.25 |
| Late Fees | $576.57 |
| Total Advances | $360.00 |
| Deferred Amounts | $-136.52 |
| Grand Total | $117,711.99 |

41. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, the Defendant, Amy L. Manetti, entered into a written contract with Regency Mortgage Corp. who agreed to loan the amount of $85,000.00 to the Defendants. *See* Exhibit B.

44. As part of this contract and transaction, the Defendants, Amy L. Manetti and Katie Manetti, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Regency Mortgage Corp., and has performed its obligations under the Note and Mortgage.

46. The Defendant, Amy L. Manetti, breached the terms of the Note and Mortgage by failing to properly tender the June 1, 2017 payment and all subsequent payments. *See* Exhibit I.

47. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Amy L. Manetti. (Katie Manetti, having not signed the Note is only in default of the Mortgage.)

48. The Defendant, Amy L. Manetti, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

49. The Defendant, Amy L. Manetti, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust in the sum of One Hundred Seventeen Thousand Seven Hundred Eleven and 99/100 ($117,711.99) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to the Defendant.

50. Defendant Amy L. Manetti's breach is knowing, willful, and continuing.

51. Defendant Amy L. Manetti's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of May 30, 2019, if no payments are made, is One Hundred Seventeen Thousand Seven Hundred Eleven and 99/100 ($117,711.99) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $94,743.15 |
| Interest | $7,880.54 |
| Escrow/Impound Required | $14,288.25 |
| Late Fees | $576.57 |
| Total Advances | $360.00 |
| Deferred Amounts | $-136.52 |
| Grand Total | $117,711.99 |

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

54. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. Regency Mortgage Corp., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, loaned Defendants, Amy L. Manetti and Katie Manetti, $85,000.00.  *See* Exhibit B.

56. The Defendants, Amy L. Manetti and Katie Manetti, are in default for failure to properly tender the June 1, 2017 payment and all subsequent payments.  *See* Exhibit I.

57. As a result of the Defendants Amy L. Manetti and Katie Manetti's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust.

58. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

59. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Regency Mortgage Corp., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, loaned the Defendants, Amy L. Manetti and Katie Manetti, $85,000.00. *See* Exhibit B.

61. The Defendants, Amy L. Manetti and Katie Manetti, have failed to repay the loan obligation.

62. As a result, the Defendants, Amy L. Manetti and Katie Manetti, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust as successor-in-interest to Regency Mortgage Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

63. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Amy L. Manetti, is in breach of the Note by failing to make payment due as of June 1, 2017, and all subsequent payments;

d) Find that the Defendants, Amy L. Manetti and Katie Manetti, are in breach of the Mortgage by failing to make payment due as of June 1, 2017, and all subsequent payments;

e) Find that the Defendants, Amy L. Manetti and Katie Manetti, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Amy L. Manetti, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due June 1, 2017 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Amy L. Manetti and Katie Manetti have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, to restitution;

j) Find that the Defendants, Amy L. Manetti and Katie Manetti, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, for money had and received;

k) Find that the Defendants, Amy L. Manetti and Katie Manetti, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Amy L. Manetti and Katie Manetti, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Amy L. Manetti and Katie Manetti, to continue to appreciate and retain the benefit of the subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Amy L. Manetti and Katie Manetti;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Amy L. Manetti, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, in the amount of One Hundred Seventeen Thousand Seven Hundred Eleven and 99/100 ($117,711.99) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Dated: November 22, 2019

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust,
By its attorneys,

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

# CERTIFICATE OF SERVICE

  I, John A. Doonan, Esq. hereby certify that on November 22, 2019, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

Amy L. Manetti
321 Kennebunk Rd
Sanford, ME 04073

Amy L. Manetti
7 June Street
Sanford, ME 04073

Katie Manetti
321 Kennebunk Road
Sanford, ME 04073

Katie Manetti
7 June Street
Sanford, ME 04073